BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE DELTA AIRLINES, INC. FLIGHT ) DOCKET NO. 230
ATTENDANT WEIGHT STANDARDS LITIGATION )

APR 15 1976

## OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

In July 1974, the Equal Employment Opportunity Commission filed an action (<u>EEOC I</u>) in the Southern District of Texas against Delta Air Lines, Inc. This action seeks, <u>inter alia</u>, injunctive relief against Delta in favor of all its flight attendants, both male and female, to prevent Delta's utilization of maximum weight limitations that allegedly discriminate against these employees in violation of Title VII of the Civil Rights Act of 1964. In particular, the Commission also seeks the reinstatement of a Delta female flight attendant, Virginia L. Curlee, who had been suspended because of her failure to meet the maximum weight limitations. The Texas court subsequently denied the Commission's motion for a preliminary injunction and also denied

the Commission's application for voluntary dismissal of its action.

In October 1974, the Mauzy action was filed in the Eastern District of Louisiana against Delta by two female flight attendants presently employed by Delta, on behalf of a nationwide class of all Delta's female flight attendants employed since 1965, as well as those female flight attendants who had been suspended or terminated by Delta as a result of their failure to meet the maximum weight limitations. In addition to challenging Delta's weight limitations as violative of Title VII, plaintiffs in Mauzy allege that Delta discriminates against its female flight attendants by not treating pregnancy like any other disability and, instead, by compelling pregnant flight attendants to take an unpaid maternity leave. Upon motion by Delta, Mauzy was transferred from the Eastern District of Louisiana to the Southern District of Texas pursuant to 28 U.S.C. §1404(a). Mauzy was thereafter consolidated with EEOC I. Plaintiffs in Mauzy have since filed a motion with the Texas court to separate the weight and pregnancy issues in that action and a motion to retransfer the action in its entirety to the Eastern District of Louisiana. We are advised that no ruling on either of these motions has yet been made.

In March 1975, the Commission instituted a second action (EEOC II) under Title VII in the Northern District of Georgia against Delta claiming that its maximum weight limitations discriminate against female flight attendants. The Commission this time requests relief in favor of female attendants only and, in particular, also asks the court to reinstate Martha Long, a female attendant previously suspended by Delta for failure to meet the maximum weight limitations. The Georgia court subsequently stayed EEOC II pending completion of proceedings in EEOC I in Texas.

In June 1975, the court in the Southern District of Texas permitted Virginia L. Curlee, on whose behalf the Commission had requested specific relief in EEOC I, to intervene in that action as a named plaintiff. Her complaint in intervention is brought as a class action on behalf of Delta female flight attendants who were, have been or may be discriminated against because of Delta's maximum weight limitations.

In August 1975, Maureen Cox instituted an action against Delta under Title VII in the Southern District of Florida, solely on her own behalf, claiming that her suspension as a Delta flight attendant resulted from Delta's discriminatory utilization of its maximum weight requirements. The Florida

Case MDL No. 230   Document 2   Filed 05/01/15   Page 4 of 9

- 4 -

court has since denied Delta's motion to transfer Cox to the Northern District of Texas pursuant to 28 U.S.C. §1404(a) or, in the alternative, to permanently stay proceedings in that action pending the outcome of the Texas actions. Plaintiff's motion for a preliminary injunction in Cox, however, was temporarily stayed by the Florida court to give Delta an opportunity to seek transfer under Section 1407.

This matter is before the Panel on Delta's motion to transfer Cox to the Southern District of Texas for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with EEOC I and Mauzy pending in that district. The Commission favors Section 1407 proceedings under the following conditions: (1) The maternity leave claim in Mauzy should be separated from the remainder of that action and remanded to the Eastern District of Louisiana under the proviso of Section 1407(a); and (2) The Northern District of Georgia should be selected as the transferee forum. The Mauzy plaintiffs, in the form of a motion, also favor Section 1407 proceedings with certain conditions: (1) The maternity leave claim in Mauzy should be separated from the rest of that action; (2) The Northern District of Georgia should be selected as the transferee forum; and (3) EEOC II should be included in the coordi-

nated or consolidated pretrial proceedings. Plaintiff Cox opposes inclusion of her action in any Section 1407 proceedings.

Plaintiff Cox argues that transfer of her action is inappropriate because only minimal common factual issues are involved between Cox and the rest of the litigation. She emphasizes that Cox focuses on her need to resume work and on specific acts of discrimination against her, while the other actions center on class action and company-wide issues. The other parties in this litigation, however, seem to agree that the criteria for Section 1407 transfer are present, but disagree over the appropriate transferee district, whether to include EEOC II, and whether to include the maternity leave claim in Mauzy.

Although we recognize that these actions may involve some common questions of fact, we find that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, we deny the motions to transfer as well as the other requests by the Commission and the Mauzy plaintiffs.

At the outset, we observe that since EEOC II has been stayed pending completion of proceedings in EEOC I, and since the outcome in EEOC I may have a dispositive effect on EEOC II, little would be gained

- 6 -

by its inclusion in Section 1407 proceedings. This leaves Cox in Florida and EEOC I and Mauzy in Texas.

In our recent opinion in In re Braniff Airways, Inc. Employment Practices Litigation, ___ F. Supp. ___ (J.P.M.L., filed March 1, 1976), we found that transfer of the actions then before us was inappropriate, and in so doing, we examined several of our past decisions in employment discrimination litigations. Our reasoning in the Braniff Litigation leads us to the conclusion that the requested transfer here should also be denied. Like three of the four actions in that litigation, Cox appears to involve chiefly allegations of discriminatory treatment relating to the named plaintiff only. In contrast, Mauzy and EEOC I, like the fourth action in the Braniff Litigation, raise broader issues.

There may be some common areas of factual inquiry between Cox on the one hand and EEOC I and Mauzy on the other, but the focus on individual injury in Cox compared to the broader concerns of EEOC I and Mauzy leads us to conclude that Section 1407 treatment is unwarranted.

- 7 -

The request for us to separate the maternity leave claim in Mauzy and remand that claim to the Eastern District of Louisiana under the proviso of 28 U.S.C. §1407(a) is legally ill-founded. Section 1407(a) provides, in relevant part:

> Each action so transferred shall be remanded by the [P]anel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated; Provided, however, That the [P]anel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

It is clear from a reading of this portion of the Panel's governing statute that the Panel's power of remand is restricted to remanding actions, or claims separated therefrom, to transferor districts from which an action was transferred under Section 1407. Thus, unless we transfer Mauzy from the Southern District of Texas under Section 1407, we have no power to remand this action or any of its constituent claims. And, if we were to transfer Mauzy from the Southern District of Texas under Section 1407, we could remand the action or any of its constituent claims to the Southern District of Texas only. Nor does the fact that Mauzy was originally filed in the Eastern District

of Louisiana and subsequently transferred to the Southern District of Texas for all purposes under 28 U.S.C. §1404(a) make the Eastern District of Louisiana eligible for remand of Mauzy or any of its constituent claims under Section 1407.

IT IS THEREFORE ORDERED that the motion to transfer the action listed on the following Schedule A and pending in the Southern District of Florida to the Southern District of Texas for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the motion to transfer the actions listed on the following Schedule A and pending in districts other than the Northern District of Georgia to that district for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A be, and the same hereby is, DENIED.

| | |
|---|---|
| SCHEDULE A | DOCKET NO. 230 |

### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Maureen Cox v. Delta Air Lines, Inc. | Civil Action No. 75-1639-Civ.-CA |

### NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Equal Employment Opportunity Commission v. Delta Air Lines, Inc. | Civil Action No. 75-404-A |

### SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Equal Employment Opportunity Commission v. Delta Air Lines, Inc. | Civil Action No. 74-H-918 |
| Lynn T. Mauzy, et al. v. Delta Air Lines, Inc. | Civil Action No. 74-H-918 |